UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

04 10754 EFH

MAGISTRATE JUDGE _____

|  |  |
|---|---|
| BENJAMIN FONKEM,<br>    Plaintiff,<br><br>v.<br><br>DEAN O'MALLEY AND<br>TIMOTHY AHERN, in their<br>individual capacities,<br>    Defendants. | Civil Action No.<br><br>RECEIPT # 55235<br>AMOUNT $ 150<br>SUMMONS ISSUED YES<br>LOCAL RULE 4.1<br>WAIVER FORM<br>MCF ISSUED<br>BY DPTY. CLK. F.O.M<br>DATE 4-14-04 |

## COMPLAINT

### INTRODUCTION

1.  This is a civil rights action for money damages against Massachusetts State Troopers Dean O'Malley and Timothy Ahern for injuries caused by the unconstitutional strip search of the plaintiff. The plaintiff, Benjamin Fonkem, was pulled over by the defendants while driving in Boston. The defendant troopers strip searched the plaintiff in the backseat of a police cruiser on a public street. There was no legitimate police reason to conduct a strip search. The plaintiff was not charged with any crime or motor vehicle violation. Plaintiff suffered emotional and mental anguish as a result of this outrageous incident.

**JURISDICTION**

2. This action is brought pursuant to 42 U.S.C. §§1983 and 1988 and the Fourth and Fourteenth Amendments to the United States Constitution. Title 28 U.S.C. §§1331 and 1343 provides federal-question jurisdiction, and 28 U.S.C. §1367 provides supplemental jurisdiction over the state law claims.

**PARTIES**

3. Plaintiff Benjamin Fonkem was at all times relevant to this complaint a resident of the Commonwealth of Massachusetts.

4. Defendants Dean O'Malley and Timothy Ahern were at all times relevant to this complaint Massachusetts state troopers. They are sued in their individual capacities.

5. The actions of defendants O'Malley and Ahern alleged in this complaint were taken under color of the laws of the Commonwealth of Massachusetts.

**FACTS**

6. At the time of the incident, Mr. Fonkem worked with brain cancer patients as a behavioral specialist at Stoughton Rehabilitation Center.

7. Mr. Fonkem is an African-American, he is originally from the African nation of Cameroon. He speaks with an accent. On April 19, 2001, he wore his hair in dreadlocks.

8. After dropping off his son at daycare, the Mr. Fonkem was driving on Columbia Road in Dorchester when he was pulled over by Trooper Dean O'Malley.

9. Trooper O'Malley ordered the Mr. Fonkem to step out of the car and place his hands behind his back.

10. Mr. Fonkem asked repeatedly why he was being arrested and what the charges were. Trooper O'Malley did not answer.

11. Instead, he asked Mr. Fonkem where he was from. Mr. Fonkem replied that he lives in Dorchester. Trooper O'Malley said, "You know what I mean. What country are you from?" When Mr. Fonkem told him that he was from Cameroon, Trooper O'Malley asked how long he had been in this country and whether he was a citizen. Mr. Fonkem told Trooper O'Malley that he was not supposed to ask these types of questions.

12. After handcuffing him, Trooper O'Malley conducted a pat-frisk of Mr. Fonkem and placed him in the back of the cruiser.

13. The pat-frisk did not reveal any weapons or contraband.

14. Trooper O'Malley took Mr. Fonkem's driver's license and called for backup.

15. Trooper Timothy Ahern arrived on the scene shortly thereafter.

16. The two officers then searched Mr. Fonkem's car. They opened the glove compartment, ripped the fuse compartment open, threw papers around and broke all of Mr. Fonkem's cigarettes. Then they searched the trunk.

17. When they did not find anything, Trooper O'Malley returned to the cruiser and asked Mr. Fonkem where the "stuff" was.

18. Mr. Fonkem told him he did not know what "stuff" he was talking about. Assuming that the officers were referring to drugs, Mr. Fonkem told Trooper O'Malley that he was not a drug user or a dealer.

19. Trooper O'Malley radioed to police dispatch to check the status of Mr. Fonkem's driver's license and for a warrants check. Dispatch replied that Mr. Fonkem's driver's license was valid and that there were no warrants in his name.

20. Trooper O'Malley then asked the dispatcher if Mr. Fonkem was "O-O-P," meaning whether he was out on parole. Dispatch replied that he was not.

21. Trooper O'Malley grew increasingly frustrated. He returned to the police cruiser and asked Mr. Fonkem if he had anything in his pants. Mr. Fonkem told him no.

22. Mr. Fonkem was sitting in the back of the cruiser, Trooper O'Malley ordered him to "pull down your pants." Mr. Fonkem told Trooper O'Malley that he was not going to pull down his pants.

23. Trooper O'Malley took the handcuffs off and again ordered Mr. Fonkem to pull down the pants. Fearing that the officer would so something worse to him if he did not cooperate, Mr. Fonkem reluctantly lowered his pants and underwear.

24. With the door of the cruiser wide open, on a public street, Trooper O'Malley inspected Mr. Fonkem's genitals and anus.

25. Trooper O'Malley did not find any contraband during the search.

26. After the search, Trooper O'Malley told Mr. Fonkem to "get out of here."

27. Mr. Fonkem was not charged with any crime, or a motor vehicle violation, as a result of this incident.

28. Mr. Fonkem was detained for approximately 15-20 minutes.

29. Mr. Fonkem was upset at being unreasonably detained and strip searched. He felt embarrassed, degraded, and humiliated that passers-by could see his private parts. He was angry that he was suspected of drug use solely because of his appearance. He felt like a criminal although he had not done anything wrong.

## COUNT I: 42 U.S.C. §1983

30. The above paragraphs are incorporated by reference.

31. At all times relevant to this complaint, defendants O'Malley and Ahern were acting under color of the laws of the Commonwealth of Massachusetts.

32. Defendant O'Malley had no justification for stopping the plaintiff's vehicle and detaining him.

33. There was no reason to suspect that plaintiff had a weapon or contraband hidden in his car or on his person.

34. There was no reason to conduct a strip search of the plaintiff.

35. The back seat of a police cruiser on a public street is not a reasonable place to conduct a strip search.

36. Defendant Ahern stood by and watched as defendant O'Malley conducted the strip search as described above.

37. By the actions described in the preceding paragraphs, defendants O'Malley and Ahern deprived the plaintiff of his clearly established rights, guaranteed by the Constitution of the United States and by the Massachusetts Declaration of Rights, to be free from unreasonable searches and seizures.

38. As a direct and proximate result of the acts of the defendants, Troopers O'Malley and Ahern, the plaintiff suffered the injuries described above.

## COUNT II: M.G.L. C. 12, §§ 11H-I, MASSACHUSETTS CIVIL RIGHTS ACT

39. The above paragraphs are incorporated by reference.

40. By their actions, defendants O'Malley and Ahern deprived the plaintiff of clearly established rights guaranteed by the Constitution of the United States and by the Massachusetts Declaration of Rights, including:

    a. Freedom from an unreasonable search and seizure; and

    b. Freedom from intimidation and humiliation.

41. The defendant deprived plaintiff of the above rights by threats, intimidation, and coercion.

42. As a direct and proximate result of this conduct, plaintiff suffered the injuries described above.

## COUNT III: M.G.L. c.214 §1B - INVASION OF PRIVACY

43. The above paragraphs are incorporated by reference.

44. The plaintiff had a reasonable expectation of privacy in his body. He had a right not to be subjected to the above-described searches without cause.

45. By conducting the above-described searches of the plaintiff without cause, the defendants unreasonably, substantially, or seriously interfered with the plaintiff's right of privacy.

46. As a direct and proximate result of this conduct, plaintiff suffered the injuries described above.

**WHEREFORE** the plaintiff requests that this Court:

1. award compensatory damages against the defendants;

2. award punitive damages against the defendants;

3. award the plaintiff the costs of this action including reasonable attorney's fees;

4. award whatever additional relief this Court deems necessary and appropriate.

## JURY DEMAND

A jury trial is hereby demanded.

RESPECTFULLY SUBMITTED,

Howard Friedman
BBO# 180080
Myong J. Joun
BBO# 645099
**Law Offices of Howard Friedman, P.C.**
90 Canal Street, 5th Floor
Boston, MA 02114-2022
(617) 742-4100

Date: 4/13/04